1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDUL MAJID,

                    Petitioner,

    v.

ANDREW COOPER, Warden, Federal
Detention Center SeaTac,

              Respondent.

Case No. C25-439-JHC-SKV

REPORT AND RECOMMENDATION

## I.   INTRODUCTION

    This is a federal habeas action proceeding under 28 U.S.C. § 2241.  Petitioner Abdul

Majid is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac,

Washington, pursuant to a 2023 judgment and sentence of the District of Nevada.  Dkt. 7 at 1.

Petitioner asserts in his federal habeas petition that he is entitled to immediate release from

confinement under the First Step Act and the Second Chance Act, and that his ongoing

confinement by the Federal Bureau of Prisons ("BOP") is unlawful.  *See* Dkt. 7 at 10.

Respondent has filed an answer and return to the petition in which he argues that Petitioner is not

entitled to the relief he seeks in this action and that his petition should therefore be denied.  *See*

Dkt. 13.  Petitioner recently filed a response to Respondent's answer, albeit an untimely one.

REPORT AND RECOMMENDATION
PAGE - 1

Dkt. 15.  The Court, having now reviewed Petitioner's petition, Respondent's answer, and the balance of the record, concludes that Petitioner's federal habeas petition should be denied, and this action should be dismissed.

## II.    BACKGROUND

On December 21, 2022, Petitioner pled guilty in the District of Nevada to a charge of possession with intent to distribute cocaine and methamphetamine.  *See United States v. Abdul Majid*, 3:18-cr-00077-MMD-CSD (D. Nev. filed July 25, 2018), Dkts. 24, 138.  Petitioner was sentenced on June 26, 2023, to a term of 46-months confinement, to be followed by two years of supervised release.  *See id*., Dkts. 154, 157.  Petitioner's projected statutory release date is December 18, 2025.  *See* Dkt. 14, Ex. 2 at 2.

On November 14, 2019, while Petitioner's criminal case was pending in the District of Nevada, an immigration judge in Nevada issued an order directing that Petitioner be removed from the United States to Canada.  Dkt. 13, Ex. 1.  A notation on the first page of the order of removal indicates that Petitioner waived his right to appeal that order.  *Id.*, Ex. 1 at 1.  A notation on the second page of the order of removal indicates that a copy of the order was served on Petitioner's attorney or representative.  *Id.*, Ex. 1 at 2.  On October 2, 2023, U.S. Immigration and Customs Enforcement ("ICE") lodged a detainer with the BOP stating that probable cause exists to believe Petitioner is a removable alien because he is subject to a final order of removal. Dkt. 14, Ex. 3; *see also id*., Ex. 2 at 3.

Petitioner submitted his original petition for writ of habeas corpus to this Court for filing on March 10, 2025.  *See* Dkt. 1.  Petitioner thereafter filed an amended petition, which is the

operative petition in this action.  Dkt. 7.  Petitioner's amended petition is not a model of clarity.[1]

However, the gravamen of his petition is that he is entitled to immediate release from custody,

and he appears to present three basic arguments in support of that claim.  Specifically, Petitioner

argues that: (1) the BOP is required to apply the First Step Act credits he has earned to his

sentence but has failed to do so; (2) the BOP is obligated to immediately place him in a halfway

house or on home confinement in accordance with the provisions of the Second Chance Act; and

(3) the BOP is not obligated to honor the detainer issued by ICE because he has not been

adjudicated removable by an immigration judge.  *See* Dkt. 7 at 10-18.

      After reviewing the amended petition, this Court ordered that it be served on Respondent

and, on May 5, 2025, Respondent filed an answer and return.  Dkts. 8, 13.  Respondent submitted

in support of his answer the declaration of BOP Supervisory Attorney George Cho.  Dkt. 14.

Respondent argues in his answer that because Petitioner is subject to a final order of removal, he

is statutorily ineligible to have FSA credits applied to his sentence.  Dkt. 13 at 1-2, 4.

Respondent further argues that, to the extent Petitioner asserts he is entitled to a transfer to pre-

release custody, his claim is factually unsupported and incorrect as a matter of law.  *Id*. at 2 n.1.

Finally, Respondent argues that, to the extent Petitioner is seeking to challenge his order of

removal in these proceedings, this Court lacks jurisdiction to consider such a challenge.  *Id*. at 2,

4-5.

      Respondent properly noted his answer on the Court's calendar for consideration on June

2, 2025, 28 days from the date the answer was filed.  *See* Dkt. 8 at 2, ¶ 4.  Pursuant to the express

---

[1] As Respondent notes in his answer, there are a number of assertions in the petition that appear to relate to a prisoner or prisoners, other than Petitioner, suggesting that the petition submitted by Petitioner may be one previously submitted by other prisoners in other federal habeas actions.  *See* Dkt. 13 at 4 n.2.  Petitioner does not address this suggestion in his materials.  Regardless, however, none of the questionable references identified by Respondent affect the outcome of this action.

REPORT AND RECOMMENDATION
PAGE - 3

1  language of the Court's service order (*id.*) and the local rules of this Court, Petitioner's response

2  to Respondent's answer was due not later than 21 days after the answer was filed, or May 27,

3  2025.[2]  The Court did not receive Petitioner's response until June 17, 2025, three weeks after it

4  was due.  *See* Dk. 15.  Despite the fact that Petitioner's response was late, the Court nonetheless

5  reviewed it prior to issuing its recommendation regarding the disposition of Petitioner's petition.

6  This review revealed that Petitioner's response largely reiterates arguments made in his amended

7  petition and does not respond in any substantive fashion to the arguments made by Respondent

8  in his answer.  Thus, while the Court reviewed Petitioner's response, the Court does not

9  reference it further in this recommendation given the duplicative nature of the arguments raised

10  therein.

## III.    DISCUSSION

### A.    First Step Act Time Credits

13          The First Step Act of 2018 ("FSA") called for the implementation of a "risk and needs

14  assessment" system to evaluate federal inmates' recidivism risk and included a directive to

15  establish evidence-based recidivism reduction programs.  18 U.S.C. § 3632(a)-(b).  The FSA also

16  established various incentives for inmates to participate in its anti-recidivism programming.  18

17  U.S.C. § 3632(d).  One such incentive was the awarding of "time credits" to "be applied toward

18  time in prerelease custody or supervised release" upon eligible prisoners' successful completion

19  of anti-recidivism programming.  18 U.S.C. § 3632(d)(4)(C).

---

[2] Because the 21st day following the filing of Respondent's answer was a federal holiday, May 26, 2025, the deadline for Petitioner to file his response was extended by one day to May 27, 2025.  *See* Fed. R. Civ. P. 6(a)(1)(C).

Eligible prisoners receive ten days of FSA time credits for every thirty days of anti-recidivism programming they successfully complete. 18 U.S.C. § 3632(d)(4)(A)(i). If the BOP determines that a prisoner is at a "minimum" or "low" risk of recidivating and the prisoner has not increased his risk of recidivism over two consecutive risk assessments, then he earns an additional five days of time credits for every thirty days of successfully completed programming. 18 U.S.C. § 3632(d)(4)(A)(ii).

The FSA prohibits certain prisoners from earning or applying FSA credits to their sentences. As relevant here, a prisoner who is subject to a final order of removal is ineligible to apply time credits to their sentence. 18 U.S.C. § 3632(d)(4)(E)(i). Petitioner asserts that he has not been adjudicated a removable alien by an immigration judge, suggesting that the BOP therefore cannot deny him early release on that basis. *See* Dkt. 7 at 17. However, Respondent has produced a copy of the order of removal issued by the Nevada immigration judge in November 2019, which undermines Petitioner's assertion that he has not been adjudicated a removable alien by a proper authority. *See* Dkt. 13, Ex. 1.

Moreover, a review of the docket of Petitioner's underlying criminal case revealed an order of the Nevada district court confirming that an immigration judge had ordered Petitioner and his co-defendant removed from the United States to Canada in November 2019, and indicating that the immigration judges' order served as the basis for modifying the conditions of Petitioner's pretrial supervision. *See Majid*, 3:18-cr-00077-MMD-CSD, Dkt. 98.

Because the record makes clear that Petitioner is subject to a final order of removal, he is statutorily ineligible to have his earned FSA credits applied to his sentence and, thus, his claim that he is entitled to immediate release from BOP custody under the FSA fails.

REPORT AND RECOMMENDATION
PAGE - 5

## B. Second Chance Act

The Second Chance Act of 2007 amended 18 U.S.C. § 3624(c) to provide that the BOP is authorized to consider placing a prisoner in a community correctional facility for up to twelve months during the final months of a prisoner's imposed term of imprisonment. *See* 18 U.S.C. § 3624(c); *see also Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). The current version of § 3624(c) also vests the BOP with the authority to decide whether to place an inmate on home confinement for up to six months. *See* 18 U.S.C. § 3624(c)(2). However, the determination of whether a prisoner is eligible for placement in a community correctional facility, or on home confinement, is within the sole discretion of the BOP, and is not subject to review by a federal habeas court. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (18 U.S.C. § 3625 unambiguously prohibits application of the judicial review provisions of the Administrative Procedure Act to any "determination, decision, or order made pursuant to 18 U.S.C. §§ 3621-3624"); *see also Mohsen v. Graber*, 583 Fed.Appx. 841, 842 (9th Cir. 2014) (applying *Reeb* in the context of an individualized determination of eligibility for placement in a residential reentry center under § 3621). Accordingly, this Court lacks jurisdiction to consider the merits of Petitioner's claim that he is entitled to immediate release to a halfway house or home confinement under the Second Chance Act.

## C. ICE Detainer

To the extent Petitioner argues that the BOP is not obligated to honor the detainer lodged by ICE in October 2023 because he was never adjudicated removable by an immigration judge, his argument fails because the record makes clear that Petitioner was, in fact, adjudicated removable by an immigration judge in November 2019. *See* Dkt. 13, Ex. 1. To the extent Petitioner may intend to argue that he was not afforded the process he was due in the

REPORT AND RECOMMENDATION
PAGE - 6

immigration proceedings which led to issuance of the order of removal, the order which serves as the basis of the detainer, this Court is without jurisdiction to consider such an argument. Judicial review of an order of removal is not available by way of a federal habeas petition and may be obtained only by filing "a petition for review with an appropriate court of appeals." *See* 8 U.S.C. § 1252(a)(5). Petitioner's challenge to the ICE detainer and/or the order of removal therefore provides no basis for relief in this federal habeas action.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's amended petition for writ of habeas corpus (Dkt. 7) be denied and this action be dismissed. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 14, 2025**.

DATED this 23rd day of June, 2025.


S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7